FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 2 0 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARINO ORTIZ-CORDERO,

                         Petitioner,

        -against-

CAMERON LINSEY, Warden, M.D.C. Brooklyn,

                         Respondent.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-5001 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner pro se Marino Ortiz-Cordero ("Ortiz-Cordero") brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the calculation of his release date by the United States Bureau of Prisons ("B.O.P."). (Pet. (Docket Entry # 3).)[1] For the reasons set forth below, Ortiz-Cordero's Petition is dismissed as moot.

## I. BACKGROUND

On October 9, 2002, before the Honorable Naomi R. Buchwald of the United States District Court for the Southern District of New York, Ortiz-Cordero pleaded guilty to one count of illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a). (Pet. at 2; Gov't Resp. (Docket Entry # 5) at 1.) On December 18, 2002, he was sentenced to twenty-four months' incarceration and thirty-six months' supervised release. (Pet. at 2; Gov't Resp. at 1.) On January 6, 2003, Ortiz-Cordero also pleaded guilty in New York Supreme Court, New York County, to criminal possession of a weapon in the second degree, and on February 13, 2003, he

---

[1] Ortiz-Cordero purported to bring his claim pursuant to 28 U.S.C. § 2255. However, as the Honorable Harold Baer, Jr., of the United States District Court for the Southern District of New York, found in his order transferring the case to this court (Docket Entry # 3-1), Ortiz-Cordero's claim is properly brought pursuant to 28 U.S.C. § 2241, since he challenges the execution of his sentence, not its original imposition. See Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003).

1

was sentenced to seven years' imprisonment, to run concurrently with his federal sentence, which he had already begun to serve. (Pet. at 2; Gov't Resp. at 1.)

Ortiz-Cordero filed the instant Petition on June 18, 2008, claiming that the B.O.P. wrongfully continued to hold him after the completion of his state sentence. (Pet.) On July 2, 2009, Respondent informed the court that Ortiz-Cordero had been released from federal incarceration on November 5, 2008 and handed over to the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), pursuant to an ICE detainer. (Gov't Resp. at 2.) Ortiz-Cordero was deported to the Dominican Republic on or about December 16, 2008. (Id.)

## II. DISCUSSION

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). However, a case becomes moot if it fails to satisfy the "case-or-controversy" requirement of Article III, Section 2, of the United States Constitution. See United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." Id. A motion under 28 U.S.C. § 2241 is moot if an event occurs that precludes the district court from providing any "effectual relief." Levine v. Apker, 455 F.3d 71, 76-77 (2d Cir. 2006).

Ortiz-Cordero's Petition challenges only his physical confinement and seeks no relief other than to be released into the custody of ICE for deportation back to the Dominican Republic. (Pet. at 4.) As Ortiz-Cordero has been released and deported, this court cannot provide him with the relief requested or any other form of effectual relief. Therefore, his Petition

2

is moot. See Neris-Maria v. Quarantillo, No. 09-CV-625 (PAC) (THK), 2011 WL 1338267, at *2 (S.D.N.Y. Apr. 6, 2011) (concluding that, where a habeas petitioner challenges his detention and is subsequently released without alleging any continuing injury, the petition is moot).

## III. CONCLUSION

Ortiz-Cordero's Petition for a writ of habeas corpus is DISMISSED as moot. A certificate of appealability will not issue because Ortiz-Cordero has not made a substantial showing of a justiciable denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 1?, 2011

NICHOLAS G. GARAUFIS
United States District Judge